ROBERT McREYNOLDS, Appellant, v. WILLIAM B. ANDERSON, Respondent.

St. Louis Court of Appeals, January 30, 1894.

Practice Trial: WAIVER OF EXCEPTIONS BY MOTION IN ARREST. A defeated party, by filing a motion in arrest before his motion for new trial, waives his objections to errors at the trial, which are matters of exception.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*W. C. Hollister* for appellant.

*Geo. R. Balthrope* for respondent.

BOND, J.—This action was begun before a justice of the peace to recover the sum of $8 for the service of plaintiff's black stallion to defendant's gray mare, March 11, 1890. The case was tried before the justice, where plaintiff recovered judgment; on appeal to the circuit court, by defendant, judgment was entered in his behalf, and the plaintiff now prosecutes this appeal.

There was evidence tending to prove that appellant's charge for the services of his stallion, and to insure a colt, was $8. The evidence was conflicting as to whether respondent's mare was bred by his consent, and whether he owned the mare at the time of service, which the evidence tended to show was about the eleventh of March or April, 1890. The evidence was also conflicting as to whether the foal dropped by

respondent's mare about April 10, 1891, was sired by appellant's stallion, or by a certain bay stallion which was in the same field with the mare in April and May, 1890. The evidence tended to prove that the mare bore a bay colt.

The only errors now assigned are that the court erred in its instructions. The record shows that the court, of its own motion, gave for plaintiff the following instructions:

"1. If the jury shall believe from the evidence that defendant's mare was bred to plaintiff's horse by the defendant's request, and that the terms of such breeding were $8 to insure a living colt, and as a result of such breeding the mare had a colt by the plaintiff's horse, then in such case the verdict should be for plaintiff for $8.

"2. If the evidence shows that the mare was bred to plaintiff's horse at defendant's request and had a colt by him, then the verdict should be for plaintiff, even though the evidence may show that defendant's brother owned the mare at the time of breeding."

And for defendant the following instructions:

"3. The jury cannot find for plaintiff, unless the evidence shows that the defendant's mare had a living colt by plaintiff's horse.

"4. Unless the evidence shows that the mare in question was bred to plaintiff's horse at defendant's request, the verdict should be for defendant.

"5. The burden rests on the plaintiff to make out his case by a fair preponderance of the evidence."

We fail to see that the first instruction, *supra*, is subject to appellant's criticism; that it requires proof of an impossibility. The only theory on which appellant could have recovered was, that his stallion begot the colt, since his charge of $8, as shown by the evidence, was based upon an *insurance* of a live colt. If appel-

lant desired an instruction as to the presumption of parentage arising from service by the stallion, and the birth thereafter of a colt within the proper period of gestation, he should have framed one to that effect and requested it of the court.   This he did not do.

We do not think, as appellant urges that the other instructions, *supra*, were calculated to mislead the jury.   Taken as a whole and as applied to the evidence, their import was sufficiently plain to remove any reasonable apprehensions of their being misunderstood by the jury, or of any confusion on their part as to whether they should find for plaintiff if they believed the gray mare belonged to respondent's brother.

The second instruction given, *supra*, told the jury in so many words that it was immaterial as to the ownership of the mare, and that, if she was served at respondent's request and bore a living colt by appellant's stallion, they should find for appellant.   If he desired fuller or more specific instructions on other points, or as to the force of presumption, he should have asked them.   He did not, however, request any further instructions.

Appellant, however, is in no position to complain of the instructions given in this case, since the record shows that the motion in arrest was filed *before* the motion for a new trial; by so doing all errors on the trial, which are matters of exception, were waived.

Finding no error in this record, the judgment herein is affirmed.   All the judges concur.